# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LEO MCNEIL,** | : | **CIVIL ACTION** |
| *Petitioner*, | : | |
| | : | **NO. 22-3694** |
| v. | : | |
| | : | |
| **BOBBI JO SALAMON,** *et al.*, | : | |
| *Respondents*. | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                                                          JANUARY 16, 2026

## MEMORANDUM OPINION

**INTRODUCTION**

Petitioner Leo McNeil[1] is a state prisoner currently incarcerated at SCI Waymart Correctional Facility. On September 9, 2022, Petitioner filed a petition for a writ of *habeas corpus* seeking relief from incarceration. (ECF 1). The matter was referred to the Honorable Richard A. Lloret for a Report and Recommendation ("R&R"). (ECF 7). Pursuant to Petitioner's motion (ECF 2), on May 30, 2023, Magistrate Judge Lloret appointed Petitioner counsel. (ECF 8). Thereafter, on August 24, 2023, Petitioner filed a counseled amended petition for a writ of *habeas corpus* (the "Petition"), pursuant to 28 U.S.C. § 2254. (ECF 14). Upon the retirement of Magistrate Judge Lloret, on May 23, 2024, this Court referred the Petition to Magistrate Judge Lynne A. Sitarski for an "R&R". (ECF 22). On December 13, 2024, Magistrate Judge Sitarski issued a well-reasoned R&R addressing and rejecting Petitioner's claims, and recommending that the Petition be denied on the grounds that, *inter alia*, the introduction of "prior act" evidence at

---

[1] According to the docket, Petitioner is represented by counsel, who was appointed on May 30, 2023. (ECF 8). However, it appears Petitioner has personally filed and signed each filing in this matter. (*See, e.g.*, ECF 1, 29). Under these circumstances, this Court construes Petitioner's filings liberally as if he is a *pro se* plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) ("A document filed *pro se* is 'to be liberally construed[.]'").

Petitioner's criminal trial was not unconstitutional or improper; the trial court judge was not in error in failing to recuse himself; there was sufficient evidence at trial for a reasonable trier of fact to convict Petitioner of the crimes alleged; and that Petitioner's claim of ineffective assistance of counsel was unexhausted and is time-barred. (ECF 23 at pp. 11-25).

Pursuant to Federal Rule of Civil Procedure ("Rule") 72(b)(2), objections to the Magistrate Judge's R&R were due within fourteen (14) days of the issuance of the R&R. Fed. R. Civ. P. 72(b)(2). Petitioner filed a motion for additional time to file objections, (ECF 24), which was granted and the deadline to file objections to the Magistrate Judge's R&R was extended to February 27, 2025. (ECF 25). Having received no objections by that date, on March 18, 2025, this Court approved and adopted the Magistrate Judge's R&R. (ECF 26). However, on April 3, 2025, Petitioner filed a motion to reconsider the March 18, 2025 Order, (ECF 28), and filed objections to the Magistrate Judge's R&R. (ECF 29).[2] Despite Petitioner's objections being untimely, this Court vacated its prior acceptance and adoption of the Magistrate Judge's R&R Order and agreed to consider Petitioner's objections. (ECF 32). Before this Court had an opportunity to consider Petitioner's objections, on April 9, 2025, Petitioner filed a notice of appeal with the United States Court of Appeals for the Third Circuit (the "Third Circuit"). (ECF 34). The Third Circuit denied Petitioner's appeal for lack of jurisdiction because there had not been a final decision in the action before this Court. (ECF 38).

Instantly, before the Court are Petitioner's objections to the Magistrate Judge's R&R (ECF 29). For the reasons set forth, Petitioner's objections are overruled, the Magistrate Judge's R&R is approved and adopted, and the Petition is dismissed.

---

[2] This Court noted in its April 8, 2025 Order granting Petitioner's motion for reconsideration that Petitioner's objections appear to have been dated February 20, 2025 and, apparently, Petitioner was "attempt[ing] to send his objections to the Court before the February 27, 2025 deadline." (ECF 32 at p. 2).

2

**BACKGROUND**[3]

To understand the Petition, a brief procedural history and a summary of facts is helpful.

Petitioner was convicted in October 2007 of numerous offenses, including, as relevant to the Petition, attempted rape, attempted involuntary deviate sexual intercourse ("IDSI"), and terroristic threats in connection with the sexual abuse of his niece and nephew – H.J. and C.J. – who were minors at the time of the assaults. (*See* ECF 23 at p. 15 (citing *Commonwealth v. McNeil*, 2022 WL 3582289 at *1 (Pa. Super. 2022)) (refusing to grant state *habeas* relief based on the alleged improper allowance of entry of prior act evidence because "the commonalities among the [sexual] assaults [on minors was] significant enough to satisfy [Pennsylvania Rule of Evidence] 404(b)(2))[.]")).[4]

The evidence adduced in the trial, underlying Petitioner's Petition, included testimony related to the facts related to a prior conviction. (*See* ECF 23 at p. 3). At the trial underlying this Petition, Petitioner's daughter, then eleven years old, testified to the abuse she and her brother endured when she was seven that led to Petitioner's prior conviction. The trial court also permitted the testimony of Petitioner's abuse against one of his other nieces, and notes from the sentencing hearing included reference to Petitioner's prior conviction. (*See id.* at pp. 2-3).

Following his latest conviction, Petitioner was sentenced to an aggregate term of 22 to 44 years of incarceration, followed by 20 years of probation. (*Id.* at p. 5). Petitioner appealed his conviction and argued lack of sufficient evidence to support his convictions for IDSI and attempted rape of his niece. (*Id.*). The appeal was denied as was Petitioner's state *habeas* petition pursuant to the Pennsylvania Post Conviction Relief Act ("PCRA"). (*See id.*). Thereafter, Petitioner filed the underlying federal *habeas* Petition.

---

[3]   This Court need not repeat the full factual findings of the Magistrate Judge in the R&R, but herein incorporates, by reference, the factual recitation and summary of evidence set forth in the R&R. (ECF 23 at pp. 1-7). By adopting the Magistrate Judge's R&R, those findings are this Court's findings as well.

[4]   Pennsylvania Rule of Evidence 404(b) is functionally identical to Federal Rule of Evidence 404(b). *Compare* Pa. R. Evid. 404(b) *with* Fed. R. Evid. 404(b).

**LEGAL STANDARD**

When a party makes specific objections to the report and recommendation, the district court must perform a *de novo* review of the issues raised by the objection(s). Fed. R. Civ. P. 72(b) (3); *see Martinez v. Astrue,* 2011 WL 4974445, at *2 (E.D. Pa. Oct. 19, 2011) (first citing 28 U.S.C. § 636(b)(l) (2005); and then citing *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989)). In its *de novo* review, a district court may "'accept, reject, or modify, in whole or in part, the findings and recommendations' contained" in the magistrate judge's report. *Id.* (quoting 28 U.S.C. § 636(b)(l)). To qualify for *de novo* review, "an objecting party must identify specific errors in the magistrate judge's analysis without simply rehashing arguments already raised to the magistrate judge." *Id.*; *see also* L. Civ. R. 72.1(IV)(b) (requiring that written objections "shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections").

A court may decline to conduct a *de novo* review if a party's objections to the Magistrate Judge's R&R merely reiterate issues already presented to, and considered by, the magistrate judge. *See Batchelor v. Rose Tree Media Sch. Dist., et al.*, 2013 WL 1776076, at *4 (E.D. Pa. Mar. 28, 2013), *aff'd,* 759 F.3d 266 (3d Cir.2014); *see also Goney v. Clark,* 749 F.2d 5, 6-7 (3d Cir. 1984) (noting a *de novo* review of objections is not appropriate when such review would undermine efficiency of magistrate system); *Morgan v. Astrue,* 2009 WL 3541001, at *3 (E.D. Pa. Oct. 30, 2009) (explaining an objecting party must do more than "simply rehash [ ] arguments already raised to the magistrate judge" to warrant *de novo* review); *Nghiem v. Kerestes,* 2009 WL 960046, at *1 n.1 (E.D. Pa. Apr. 3, 2009) (declining to engage in a duplicative review of objections which rehash arguments previously addressed and dismissed by the magistrate judge).

**DISCUSSION**

In his objections, Petitioner mostly reiterates arguments made in his Petition that were thoroughly addressed and rejected by Magistrate Judge Sitarski. Nevertheless, this Court herein considers *de novo* the issues raised by Petitioner's objections. *See* Fed. R. Civ. P. 72(b)(3). As noted, this Court incorporates by reference the factual recitation and summary of evidence provided in the Magistrate Judge's R&R. (ECF 23 at pp. 1-7).

Petitioner raises four objections to the R&R; *to wit*: (1) that the trial court and Magistrate Judge did not adequately weigh the prejudice against Petitioner in admitting the introduction of evidence related to prior acts in a different sexual assault case to which Petitioner pleaded *nolo contendere*; (2) that the Magistrate Judge was erroneous in allegedly identifying the "terroristic threats" conviction to be less substantial, and finding Petitioner's counsel's failure to raise an objection related to that conviction not a reversible error; (3) that the Magistrate Judge did not adequately address his arguments that the IDSI charge was inappropriate because the act was not completed – thus a "substantial step" was not taken; and (4) that Petitioner's counsel was ineffective for failing to adequately raise these issues in prior proceedings.[5] (ECF 29 at pp. 6-14). This Court addresses each objection in turn.

### *Improper Consideration of Prior Bad Act Evidence*

Petitioner objects that the Magistrate Judge did not properly consider the prejudice to him when the trial court admitted into evidence facts underlying his earlier criminal convictions that related to the abuse of his daughter, son, and a different niece when they were young children. That conviction came about from a *nolo contendere* plea. Petitioner argues that the admission of

---

[5] Petitioner's fourth objection is difficult to discern but appears to merely recite the standard this Court employs when reviewing objections to R&Rs, particularly to claims of ineffective assistance of counsel. (*See* ECF 29 at pp. 16-17).

said evidence violated Pennsylvania Rule of Evidence 410. (*Id.* at pp. 5-8). Petitioner is mistaken. This particular rule provides that evidence of the following is not admissible against the defendant who made the plea or participated in the plea discussions: . . .(2) nolo contendere plea. Pennsylvania courts have held that the bar against introducing the *nolo contendere* verdict itself, *see* Pa. R. Crim. P. 410(a)(2),[6] does not preclude a party from introducing relevant evidence related to the underlying conduct of that conviction if it is otherwise admissible. (ECF 23 at pp. 13-17).

This Court finds that the evidence admitted at Petitioner's bench trial related to the conduct underlying his *nolo contendere* plea shows a common "plan," "absence of mistake," and "lack of accident," all of which are exceptions to the prohibition on introducing prior act evidence at trial to show propensity of conduct. *See* Fed. R. Evid. 404(b)(2) (detailing the circumstances under which prior bad act conduct evidence may be introduced); *see also Commonwealth v. Moser*, 999 A.2d 602, 607 n.8 (Pa. Super. 2010) ("While the rules of evidence bar the introduction of the actual plea of *nolo contendere* for purposes other than impeachment, the Commonwealth may introduce evidence of [the defendant's] prior bad acts through other means . . . to establish a common scheme, plan or design in cases involving different victims."). Petitioner himself proffers in his objections that "[i]n 2004, [he] was charged with rape of his daughter" and that, in 2006, he entered a "*no contest agreement*" on lesser charges related to those charges. (ECF 29 at p. 3).

Petitioner also apparently pled *nolo contendere* to a charge of IDSI pertaining to acts related to his niece, J.B. (ECF 23 at p. 3 n.2) (Respondent represents that Petitioner does not dispute this history). The criminal case, which is the subject of Petitioner's *habeas* petition, relates to convictions of rape and IDSI of a minor. (*See* ECF 1). The state courts and the Magistrate

---

[6] Pennsylvania Rule Evidence 410(a)(2) is identical the Federal Rule. *Compare* Pa. R. Evid. 410 (a)(2) *with* Fed. R. Evid. 410(a)(2). Both deem inadmissible evidence of a *nolo contendere* plea against the defendant who made the plea in a civil or criminal case.

Judge's R&R considered whether the introduction of prior act evidence at Petitioner's criminal trial violated Rule 404 as unfair propensity evidence. (*See* ECF 23 at pp. 12-17). This Court has considered the same, and its conclusion is no different. Based on the conduct underlying his prior case in which he pled *nolo contendere* and the current matter, Petitioner appears to have a pattern, or common plan of sexually abusing of minors within his orbit. That evidence was admissible pursuant to Pennsylvania Rules of Evidence 404(b) and 410. *See also* Fed. R. Evid. 404(b)(2); *United States v. Willis,* 844 F.3d 155, 169 (3d Cir. 2016) (citing *Huddleston v. United States*, 485 U.S. 681, 691-92 (1988)). Accordingly, Petitioner's objection that the Magistrate Judge failed to adequately consider the prejudice of introducing prior bad act evidence related to his *nolo contendere* plea is overruled.

### *Challenging Conviction of Terroristic Threats*

Petitioner was convicted for terroristic threats for, *inter alia*, threatening his nephew with reprisal if he told his mother that he touched him. (*See* ECF 29 at pp. 11-13); *see also* 18 Pa.C.S. § 2706. As the Magistrate Judge found in the R&R, (*see* ECF 23 at pp. 23-25), and as Petitioner appears to admit, (*see* ECF 29 at pp. 11-13), Petitioner had not previously challenged his conviction for terroristic threats and, accordingly, the claim is not exhausted nor ripe for review by this Court. Moreover, any amended PCRA claim that Petitioner may be contemplating would be untimely. This Court again agrees with the Magistrate Judge's analysis, this claim is unexhausted, was not brought in any prior PCRA claim and would be time-barred in any subsequent claim because it was not brought via a state PCRA claim within one year. (ECF 23 at p. 24) (citing 42 Pa.C.S. § 9545(b)(1)). Further, Petitioner has presented no evidence that a claim challenging his incarceration based on a wrongful conviction under Pennsylvania's terroristic threat statute was ever litigated in state court. Thus, this Court finds that this claim is procedurally

7

defaulted, and no error was committed by the Magistrate Judge. (*See id.*); *see also Keller v. Larkins*, 251 F.3d 408, 415 (3d Cir. 2001); *Smith v. Luther*, 2018 WL 3581140, at *3 (E.D. Pa. June 22, 2018) (finding that the claims are "procedurally defaulted, because the PCRA statute of limitations has expired for them").

### *IDSI Elements*

Petitioner argues the Magistrate Judge erroneously applied the elements of IDSI because "the offense came to a completion without intercourse or penetration though ample opportunity was available to do so." (ECF 29 at pp. 13-18). This objection does not appear to be independent but instead is a repackaged version of Petitioner's first objection regarding evidence admitted for the conduct underlying his *nolo contendere* plea in a prior matter. (*See* ECF 29 at pp. 13-14) ("[T]he trial court was improperly influenced by facts derived from the [n]o [c]ontest plea proceeding and erroneous facts that [Petitioner] raped his daughter"). Petitioner's apparent argument is that because the allegations against him did not involve a full penetration of a minor, his conviction on the charge of IDSI was improper. (*See* ECF 29 at pp. 13-16) (from the child, H.J.'s testimony, Petitioner "took off her pants after she did not agree to" and then Petitioner "laid her on his bed on her stomach and he climbed on top of her after pulling his pants down," then proceeded to "put his penis on her butt" and that Petitioner's penis touched the child's "vagina but did not go inside."). Though there may not have been penetration, the act as described is clearly sufficient evidence upon which a jury may find attempted IDSI pursuant to 18 Pa. C.S.§ 3123. Penetration is not required for an attempt charge. *See, e.g.*, *Ford v. Superintendent Piazza*, 2008 WL 2977541, at *9-*10 (E.D. Pa. July 30, 2008) (upholding IDSI attempt conviction where the defendant did not penetrate the victim). Accordingly, this objection is overruled.

### *Ineffective Assistance of Counsel*

Petitioner's ineffective assistance claims permeate from all his other claims – *i.e.*, he claims that his counsel was ineffective for failing to properly object to the evidence related to his prior case in which he entered a *nolo contendere* plea, that they were ineffective for failing to challenge his terroristic threat conviction, and that they were ineffective for failing to properly challenge the trial court's findings as to his IDSI conviction. (*See generally* ECF 29). This Court again agrees with the Magistrate Judge that Petitioner has failed to demonstrate ineffective assistance such that *habeas* relief is warranted.

To prevail on ineffective assistance of counsel claims, Petitioner "must show counsel's performance was deficient," and that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Ineffectiveness may be shown by evidence of "ineptitude, inexperience, lack of preparation, [or] unfamiliarity with basic legal principles" on the part of counsel. *Gov't of Virgin Islands v. Weatherwax*, 20 F.3d 572, 579 (3d Cir. 1994). Petitioner also must demonstrate that he was prejudiced by the alleged deficient performance to the point of being deprived of a fair trial. *Strickland*, 466 U.S. at 687. To establish this, Petitioner must show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Absent establishing these two prongs, "it cannot be said that the conviction or . . . sentence resulted from a breakdown in the adversary process that renders the result unreliable." *Id.* at 687.

On this point, it is worth quoting the Magistrate Judge's narrative:

> Here, Petitioner fails to identify how the [Pennsylvania] Superior Court's rejection of his claim [to *habeas* relief] was in any way contrary to, or an unreasonable

> application of, *Strickland*. Indeed, "a state-court determination regarding the admissibility of [prior bad acts evidence] is entitled to AEDPA deference, and it is not the province of a federal court on *habeas* review to determine whether the state courts have properly applied their own rules of evidence." *Smith v. Capozza*, 2021 WL 1950063, at *18 (E.D. Pa. Apr. 29, 2021) (citing *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)). The Superior Court ruled that the underlying facts were admissible evidence. [*Commonwealth v. McNeil*, 284 A.3d 933 (Pa. Super. Ct. 2022)]. Hence, "there was no basis for trial counsel to object to the introduction of" the underlying evidence of prior bad acts, "and 'as there was no reasonable basis for trial counsel to object . . . , counsel will not be deemed ineffective for failing to raise a meritless objection.'" *Id.* (quoting *Commonwealth v. Spotz*, 896 A.2d 1191, 1247 (Pa. 2006)). Consequently, Petitioner's Rule 404(b) argument fails.

(ECF 23 at p. 16). This Court, upon an independent review, sees no reason to disturb this reasoning and adopts and endorses its outcome. It further appears that Petitioner's claims that his counsel was ineffective in failing to raise Pennsylvania Evidence Rules 403 and 410 objections or appeals related to evidence introduced underlying the acts associated with the case in which he entered a *nolo contendere* plea were not exhausted. (*See* ECF 23 at pp. 23-24). Petitioner's reliance on *Martinez v. Ryan*, 566 U.S. 1 (2021) on this argument is misplaced. Thus, these claims are procedurally defaulted.

In *Martinez*, the Supreme Court held that "[t]o overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." 566 U.S. at 14. As discussed above, Petitioner's claims largely rely on his argument that evidence underlying his prior *nolo contendere* plea was improperly admitted resulting in his current conviction and incarceration. (*See* ECF 1, 13, 14, 29). The Pennsylvania trial court, the Pennsylvania Superior Court, and the Magistrate Judge have all found that the prior act evidence was not improperly entered and, thus, Petitioner cannot show that any error by the trial court was "substantial" such

10

that procedural default for failing to exhaust claims should be forgiven. This Court agrees with every court that that has examined this argument.

**CONCLUSION**

For the reasons set forth, Petitioner's objections to the Magistrate Judge's R&R, (ECF 29), are overruled. Accordingly, the Court approves and adopts the Magistrate Judge's R&R, (ECF 23), and dismisses the Petition, (ECF 14), with prejudice. An Order consistent with these findings follow.

*NITZA I. QUIÑONES ALEJANDRO*, J.